## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HUNTER SMETANA, COLBY KLUK,** | : | **CIVIL ACTION NO. 3:20-CV-964** |
| **and 3BUDS, LLC,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TUNKHANNOCK BOROUGH,** | : | |
| **RICHARD STEVENS, JANE DOE,** | : | |
| **and JOHN DOE I-IV,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 1st day of March, 2021, upon consideration of the report (Doc. 20) of Magistrate Judge Martin C. Carlson recommending that the court grant in part and deny in part defendants' motion (Doc. 8) to dismiss plaintiffs' complaint (Doc. 1) for failure to state a claim, wherein Judge Carlson recommends that plaintiffs' request for injunctive relief, which pertains to an ongoing and related state criminal prosecution against the two individual plaintiffs, be dismissed under the <u>Younger</u> abstention doctrine, <u>see</u> <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971), and that plaintiffs' claims for monetary damages be stayed pending resolution of the ongoing state criminal proceedings, (<u>see</u> Doc. 20 at 10-12), and it appearing that neither plaintiffs nor defendants have objected to the report, <u>see</u> FED. R. CIV. P. 72(b)(2), and the court noting that failure to timely object to a magistrate judge's conclusions "may result in forfeiture of <i>de novo</i> review at the district court level," <u>Nara v. Frank</u>, 488 F.3d 187, 194 (3d Cir. 2007) (citing <u>Henderson v. Carlson</u>, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court

should afford "reasoned consideration" to the uncontested portions of the report,

E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson,

812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of

the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following

independent review of the record, the court being in agreement with Judge

Carlson's recommendation, and concluding that there is no clear error on the face

of the record,[1] it is hereby ORDERED that:

1.    Magistrate Judge Carlson's report (Doc. 20) is ADOPTED.

2.    Plaintiff's request for injunctive relief in the complaint (Doc. 1) is
       DISMISSED.

---

[1] We agree with Judge Carlson's recommendation that the claims for monetary damages be stayed, but we supplement the report's reasoning. Judge Carlson correctly notes our court of appeals' holding that, "when abstaining from adjudicating a claim for injunctive relief, [a court] should stay and not dismiss accompanying claims for damages and attorney fees when such relief is not available from the ongoing state proceeding." See Howard v. New Jersey Div. of Youth & Family Servs., 398 F. App'x 807, 811 (3d Cir. 2010) (nonprecedential) (quoting Williams v. Hepting, 844 F.2d 138, 144-45 (3d Cir. 1988)). A stay in this case is also supported by the Supreme Court's decision in Wallace v. Kato, 549 U.S. 384 (2007), which squarely addressed the circumstances raised here. In Wallace, the Supreme Court held that when (as here) a potential future conviction *might* implicate the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the proper course is to stay the civil proceedings pending resolution of the criminal case. Wallace, 549 U.S. at 393-94. Specifically, the Court said: "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. (citing Heck, 512 U.S. at 487 n.8). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." Id. at 394 (citing Edwards v. Balisok, 520 U.S. 641, 649 (1997)). We will follow this guidance here and stay proceedings *sub judice* pending resolution of the state criminal case.

3.      This matter is STAYED pending resolution of the ongoing criminal proceedings against plaintiffs Hunter Smetana and Colby Kluk.  The parties shall file joint status reports apprising the court of the status of the ongoing criminal proceedings at 60-day intervals, with the first such report being due **Monday, May 3, 2021**.

4.      The Clerk of Court shall mark this matter closed for statistical purposes only, without prejudice to the parties' right to request reopening thereof after the resolution of the state criminal proceedings.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania